B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re _Robert Chilipala_
         Debtor

Case No. _11-52565_
Chapter _7_

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: _Michigan Catholic Credit Union_

2. Amount of the debt subject to this reaffirmation agreement:
   $ _37,197.96_ on the date of bankruptcy     $ _37,197.96_ to be paid under reaffirmation agreement

3. Annual percentage rate of interest: _3.5_ % prior to bankruptcy
   _3.5_ % under reaffirmation agreement ( _✓_ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ _400.00_ per month

5. Collateral, if any, securing the debt: Current market value: $ _60,000.00_
   Description: _13275 Adams Warren, MI_

6. Does the creditor assert that the debt is nondischargeable? ___ Yes _✓_ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from Schedule I, line 16   $ _5158_ | 7B. Monthly income from all sources after payroll deductions   $ _5158_ |
| 8A. Total monthly expenses from Schedule J, line 18   $ _5745_ | 8B. Monthly expenses   $ _5795_ |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J   $ _0_ | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses   $ _0_ |
| | 10B. Net monthly income   $ _<637>_ (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if          Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                    required if line 11 or 12 is completed)

## Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
___✓___ Yes          _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
___✓___ Yes          _____ No

### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____ (P67169)
Signature

_Christopher Frank, Creditor Attorney_
Print/Type Name & Signer's Relation to Case

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

Robert Chlipala
Debtor(s).

Case No. 11-52565
Chapter 7
Hon. Tucker

/

REAFFIRMATION AGREEMENT WITH
_Michigan Catholic_ CREDIT UNION

### PART A: BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreement to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

8. Miscellaneous questions and information:
   *Your right to rescind (cancel) your reaffirmation agreement.* You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60 day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind

1

(cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (canceled).

*What are your obligations if you reaffirm the debt?* A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

*Are you required to enter into a reaffirmation agreement by any law?* No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

*What if your creditor has a security interest or lien?* Your bankruptcy discharge does not eliminate any lien on your property. A lien is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code

AMOUNT REAFFIRMED: $ 37,197.76 is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.

ANNUAL PERCENTAGE RATE: 3.5 %

Simple Interest Rate: N/A

Variable Interest Rate: N/A

Your debt is secured by a security interest, which has not been waived in whole or in part, or determined to be void by a final order of the court at the time of this disclosure. The undersigned creditor is asserting a security interest of lien in goods for some or all of the debts you are reaffirming as follows:

ITEM OF COLLATERAL: Heloc - 13275 Adams, Warren, MI

ORIGINAL LOAN AMOUNT: $ 40,000.00

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $ 400.00 per month and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount,

2

plus interest, is paid in full. All of the terms of the original loan agreement which are not inconsistent with this Agreement shall remain in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: /3275 Adams, Warren, MI
The original amount financed was : $ 40,000.⁰⁰. The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreements and security agreements shall continue in full force and effect.

**NOTE:** When this disclosure refers to what a creditor may do, it does not use the word may to give the creditor specific permission. The word may is used to tell you what might occur if the law permits the Creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the Reaffirmation Agreement is held.

## PART B: TERMS OF REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $ 400.⁰⁰ per month and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount, plus interest, is paid in full. All of the terms of the original loan agreement which are not inconsistent with this Agreement shall remain in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: /3275 Adams Warren, MI
The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreements and security agreements shall continue in full force and effect.

Description of any changes to the credit agreement made as part of this reaffirmation agreement: None

Dated:

Borrower:                                              Co-Borrower

X _____              _____
                              , Debtor                                              , Debtor

Date:
/S/ _____ (P67169)
THE LEDUC GROUP, PLLC, Attorney for Creditor
4 Parklane Blvd, Ste 350
Dearborn, MI 48126
313-914-5846
cfrank@theleducgroup.com

3

## PART C: CERTIFICATION OF DEBTOR'S ATTORNEY (IF ANY):

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

X Date: 6/14/11           _____ (P74108)
                          Attorney for Debtor

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT *WITH* A CREDIT UNION:

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

X Date: 6/14/11                    _____
        Debtor                           Debtor

*Alternate Part D:* DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT WITH NON-CREDIT UNION CREDITOR:

I believe this reaffirmation agreement will not impose an undue hardship on my dependants or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____ and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____ leaving $_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if explained to the satisfaction of the court how I can afford to make the payments here:

_____
_____
_____

4

## PART E: MOTION FOR COURT APPROVAL
### (to be completed only if the debtor is not represented by an attorney)

I (we), the debtors affirm the following to be true and correct:

(1) I am not represented by an attorney in connection with this reaffirmation agreement.

(2) I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

_____
_____.

Therefore, I ask the court for an order approving this reaffirmation agreement.

Date: _____            _____
                                                    Debtor

Date: _____            _____
                                                    Debtor

## COURT ORDER:

The court grants the debtor's motion and approves the reaffirmation agreement describe above.

Date: _____            _____
                                          U.S. BANKRUPTCY JUDGE

5